UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**GENNADIY N. ULANOV**,                                         :
                                                                :
              Plaintiff,        :
                                                                :  **MEMORANDUM AND ORDER**
       – against –                                 :
                                                                :  22-CV-193 (AMD) (LB)
                                                                :
**NEW YORK STATE BOARD OF ELECTIONS**,                          :
                                                                :
              Defendant.        :
                                                                :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On December 29, 2021, the *pro se* plaintiff filed this action in the United States District Court for the Southern District of New York against the New York State Board of Elections, asserting that his "[e]lectoral rights" have been violated.[1] (ECF No. 1 at 2.) The Honorable Andrew L. Carter, Jr. of the Southern District transferred the action to this Court on January 6, 2022. (ECF No. 3.) For the reasons that follow, the complaint is dismissed. The plaintiff is granted leave to file an amended complaint within 30 days of this order.

## BACKGROUND

      On November 4, 2020, at around 1 p.m., the plaintiff arrived at a polling station on Emmons Avenue, Brooklyn. (ECF No. 1 at 8.) While he was waiting in line, he saw that there were three voting machines, "A," "B" and "C." (*Id.*) The plaintiff noticed that from "car C people were sent [t]o cars A and B;" he assumed at first that the machine was out of order, but then observed that some voters were able to use it. (*Id.*) He examined the machine, and realized that it was "not sealed." (*Id.*) While he took photographs and asked personnel why the machine

---

[1] The plaintiff paid the statutory filing fee to commence this action.

was not sealed, "[t]he members of the election commission tried to cover the car with themselves." (*Id.*)  At around 5 p.m., the plaintiff returned to the voting site and saw that "all the cars were sealed." (*Id.*)  The plaintiff claims that "the culprit is the New York Election Commission and personally the chairman," and that "[his] rights and [the rights of] thousands of voters have been violated." (*Id.*)  He seeks $3 million in damages. (*Id.* at 6.)

## STANDARD OF REVIEW

A federal court must "liberally construe[]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, if a *pro se* action is frivolous, a district court may dismiss the action on its own, even if the plaintiff has paid the requisite filing fee.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).  A complaint is frivolous when "'it is clear that the defendants are immune from suit.'"  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).  "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation, quotation marks and alterations omitted).

## DISCUSSION

The plaintiff's claims against the New York State Board of Elections must be dismissed because the agency is a state entity and immune from suit.  The Eleventh Amendment to the United States Constitution "bar[s] federal suits against state governments by a state's own citizens."  *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).  This bar precludes suits for money damages and injunctive relief.  *See McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001).  Moreover, sovereign immunity extends "beyond the states

themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Courts in this circuit have held that the New York State "Board of Elections is a state agency for the purposes of the Eleventh Amendment." *Credico v. New York State Bd. of Elections*, 751 F. Supp. 2d 417, 420 (E.D.N.Y. 2010); *see McMillan v. New York State Bd. of Elections*, No. 10-CV-2502, 2010 WL 4065434, at *3 (E.D.N.Y. Oct. 15, 2010) (dismissing Section 1983 claims against the New York State Board of Elections on the basis of sovereign immunity), *aff'd*, 449 F. App'x 79 (2d Cir. 2011). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress has not clearly abrogated the state's immunity. *See Credico*, 751 F. Supp. 2d 417 at 420. Accordingly, the New York State Board of Elections is immune from suit, and the plaintiff's claims against it must be dismissed.

3

## CONCLUSION

For the reasons set forth above, the complaint is dismissed. Because the plaintiff is proceeding *pro se,* I grant him leave to amend his complaint within 30 days of the date of this order. The plaintiff is advised that an amended complaint completely replaces the original complaint, so he must include in the amended complaint all the necessary information to support his claims. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order (22-CV-193 (AMD) (LB)). No summons will issue at this time, and all further proceedings will be stayed for 30 days. If the plaintiff does not file an amended complaint within 30 days, judgment dismissing this action will be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                s/Ann M. Donnelly  
                                                                ANN M. DONNELLY  
                                                                United States District Judge

Dated: Brooklyn, New York  
        January 18, 2022