UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                                         :

**GENNADIY N. ULANOV**,

                         Plaintiff,                               **MEMORANDUM AND ORDER**

            – against –                                22-CV-193 (AMD)

**NEW YORK STATE BOARD OF ELECTIONS**,

                        Defendant.

-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On December 29, 2021, the *pro se* plaintiff filed this action against the New York State Board of Elections. (ECF No. 1.) On January 19, 2022, the Court dismissed the complaint, and granted the plaintiff leave to amend his complaint. (ECF No. 8.) The plaintiff now moves for reconsideration. (ECF No. 11.) For the following reasons, the plaintiff's motion is denied.

## BACKGROUND

In his complaint, the plaintiff alleged that on November 4, 2020, he arrived at a polling station in Brooklyn. (ECF No. 1 at 8.) After noticing that voters were redirected away from one voting machine, he examined the machine, and realized that it was "not sealed." (*Id.*) The plaintiff claimed that "the culprit is the New York Election Commission and personally the chairman," and that "[his] rights and [the rights of] thousands of voters have been violated." (*Id.*) He sought $3 million in damages. (*Id.* at 6.)

On January 19, 2022, the Court dismissed the complaint because the New York State Board of Elections is a state entity and immune from suit. (*See* ECF No. 8.) On February 16, 2022, the plaintiff filed a letter arguing that because he was unable to submit a video file with his

complaint, the Court "cannot dismiss the complaint because all the facts have not been accepted." (ECF No. 11 at 1.) I construe the plaintiff's letter as a motion for reconsideration.

## STANDARD OF REVIEW

Rule 60(b) allows the Court to relieve a party from an order in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.") (citations and quotation marks omitted). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (internal quotation marks omitted)).

## DISCUSSION

Reconsideration is not warranted because the plaintiff has not identified any legal or factual issue that this Court overlooked that would have altered its decision, or any extraordinary circumstances that would justify relief from the order. *Dicks v. Eur. Am. Bank*, No. 06-CV-6623, 2007 WL 2746701, at *1 (E.D.N.Y. Sept. 18, 2007) ("Reconsideration generally will be denied unless the moving party can point to either controlling decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result

2

before the court."). The plaintiff does not challenge the finding that the New York State Board of Elections is a state entity, and therefore immune from suit pursuant to the Eleventh Amendment. Instead, he states that he could not submit a video file with his complaint, and argues that the Court "cannot dismiss the complaint because all the facts have not been accepted." (ECF No. 11 at 1.) However, the plaintiff does not purport to amend his complaint to replace the New York State Board of Elections as the defendant in this action. Given that the Court dismissed on Eleventh Amendment immunity grounds, even if the Court had considered the video, that would not have altered its decision. Accordingly, the plaintiff's motion for reconsideration is denied.

The Court previously granted the plaintiff leave to amend his complaint by February 18, 2022; the plaintiff has not filed an amended complaint. Out of an abundance of caution, I grant him leave to amend his complaint within 30 days of the date of this order.

## CONCLUSION

The plaintiff's motion for reconsideration is denied. The plaintiff may file an amended complaint within 30 days of the date of this order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to send a copy of this Memorandum and Order to the plaintiff.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              _____
                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
        March 14, 2021